# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Nos. 1:13-cr-89-013 |
| v. | ) | |
| | ) | Judges Mattice/Steger |
| REGINALD D. OAKLEY | ) | |

## MEMORANDUM AND ORDER

REGINALD D. OAKLEY ("Defendant") came before the Court for an initial appearance on March 6, 2019, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition")[Doc. 915].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Clay Whittaker to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kevin Brown explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. After conferring with his counsel, Defendant requested a preliminary hearing and a detention hearing. The Court was able to accommodate this request without delay and the parties moved immediately into the preliminary hearing and the detention hearing.

The Government relied upon the allegations in the Petition [Doc. 915]. The Petition includes a recitation of the violation of conditions of supervision committed by Defendant, *to wit*, "[T]he defendant shall not possess a firearm, destructive device or any other dangerous weapon." The Petition further sets forth a summary of facts indicating that Defendant was involved in a struggle for possession of a firearm with his then-girlfriend, Katrina Holloway, in July 2017,

during which struggle the firearm discharged and Ms. Holloway sustained a fatal injury. Based on a police investigation and report concerning that incident, the Probation Officer concluded that Defendant was in possession of a firearm.

Attorney Whitaker called Steven Moore as a witness. Steven Moore is the attorney who defended Defendant Reginald Oakley with respect to the criminal charges brought against him in the Criminal Court of Hamilton County, Tennessee. Attorney Moore testified that a Hamilton County Jury found Mr. Oakley not guilty of all charges (i.e., second-degree murder and employing a firearm during a dangerous felony offense) related to Ms. Holloway's death at the conclusion of the trial on March 1, 2019. The undersigned accepts the jury's conclusions that Defendant was not guilty of the charges asserted against him by the State of Tennessee.

Attorney Moore also testified that Ms. Holloway's son, "PJ" (11 years old at the time of the incident, 13 years old now), provided a pretrial statement to the authorities and testified at trial that he had seen Defendant holding and handling a handgun in Ms. Holloway's residence prior to the incident which led to her death. The State of Tennessee did not charge Defendant with any offense relating to simple possession of a firearm. Consequently, the jury made no finding as to whether Defendant possessed a firearm.

United States Probation Officer Derek Beamer was also called as a witness and testified to information contained in the Petition. Counsel for both sides were then given an opportunity to argue for and against probable cause and detention.

The undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that there is evidence that Defendant was in possession of a firearm—at least while he was at Ms. Holloway's residence—as witnessed by her young son prior to Ms. Holloway's death. And, although Defendant was acquitted of the charges that he shot Ms. Holloway, the jury made no finding as to whether he was in possession of a firearm prior to Ms. Holloway's death or even during the event that led to Ms. Holloway's death. To the contrary, the decedent's son testified under oath that he did see Defendant in possession of a firearm.

The Court finds that probable cause exists to support the violation of a condition of supervised release set forth in the Petition. The Court further finds that Defendant has not carried the burden of establishing by clear and convincing evidence that he does not pose a danger to any other person or to the community. No evidence was presented to suggest that Defendant is a risk of flight, and the Court makes no such finding.

Consequently, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to United States District Judge Mattice a proposed Agreed Order with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition for Warrant for Offender Under Supervision, they shall request a hearing before United States District Judge Mattice.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE